

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 9:17-CR-11** |
| | § | |
| | § | |
| **CHESTER RAY STITTS, JR.** | § | |

## REPORT AND RECOMMENDATION
## ON PRO SE MOTION REQUESTING COMPASSIONATE RELEASE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. Pending before the Court for purposes of this report is the defendant Chester Ray Stitts, Jr.'s pro se letter motion requesting reduction of his sentence for compassionate release (doc. #45) based on "compelling or extraordinary circumstances COVID[-]19."

### I.     Background

A.     Procedural History

On April 5, 2017, a federal grand jury indicted the Defendant, Chester Ray Stitts, Jr., in a one-count Indictment. *See Indictment* (doc. #1). The Indictment charged Mr. Stitts with

1

possession with intent to distribute a controlled substance – specifically, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

On June 21, 2017, Mr. Stitts appeared before the undersigned to enter a plea of guilty to Count One of an Information pursuant to a plea agreement. The Information also charged Stitts with a violation of 21 U.S.C. § 841(a)(1), but with a lesser amount of methamphetamine (specifically, a mixture or substance containing a detectable amount of methamphetamine). *See Information* (doc. #20).

On December 4, 2017, the defendant appeared before United States District Judge Ron Clark for sentencing. Judge Clark ultimately sentenced Mr. Stitts to 156 months imprisonment to be followed by three (3) years of supervised release. *See Judgment* (doc. #40).

On August 23, 2018, Defendant filed a pro se motion seeking a reduction in his sentence. Judge Clark denied that motion on September 12, 2018. *See Order* (doc. #44). According to records maintained by the Bureau of Prisons (BOP), Mr. Stitts' currently has a projected release date of February 28, 2029. *See* https://www.bop.gov/inmateloc/ (last checked September 22, 2020).

    B.    Defendant's Motion and the Government's Response

In his recent motion, Mr. Stitts makes a general request for release and home confinement, citing Attorney General William Barr's April 1, 2020, memorandum to the Bureau of Prisons (BOP) directing the Director of the BOP to "review all inmates with risk factor[s]that put them at great risker of the COVID[-]19." *See Motion* (doc. #45). Stitts states that he submitted a request to the warden of his facility on April 16, 2020, requesting compassionate release but as of the date he submitted his motion, he had not received a response. *See id*. at p. 2. He references

the regulations stating that an inmate may file a request for release directly with the Court if no response is received from the warden within thirty (30) days. *See id.* at pp. 2-3. Stitts does not address any specific medical issues that would qualify him for compassionate release. Instead, he references the existence of COVID-19 itself and its rapid spread as "extraordinary and compelling circumstances" which "warrant consideration for time cut." *Id.* at p. 2.

The Government opposes Mr. Stitts' request because he fails to establish that he qualifies for compassionate release under the governing statutes. *See Response* (doc. #48). The Government further argues that his general request for reduction in sentence should be denied as non-cognizable because the Court lacks the general authority to reduce an otherwise-final sentence. *See id.*

**II.    Analysis**

A.    Compassionate Release

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> "The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)    extraordinary and compelling reasons warrant such a reduction; or
> (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of

> [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a *reduction is consistent with applicable policy statements issued by the Sentencing Commission*[.]"

18 U.S.C. § 3582(c)(1)(A)(i)-(ii) (emphasis added). This provision is commonly referred to as "compassionate release." *See, e.g., United States v. Caruthers*, No. 2:11-763, 2018 WL 1629141, at *1-*2 (S.D. Tex. April 4, 2018).

      B.      Exhaustion of Administrative Remedies

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3 (S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."); *Caruthers*, at *1 (same). The First Step Act amended Section 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust his administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'") (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Stitts references a request he made to the warden on or about April 16, 2020. In his

4

motion, received August 14, 2020, he states that he had not yet received a response. According to the Government's Response, his request was in fact denied on May 22, 2020. *See Response* (doc. #48), at p. 2. In his request to the warden, Stitts stated that he suffers from high blood pressure and an unspecified liver condition. *Id*. Based on the Government's statements regarding the warden's denial of Stitts' internal request, the Court finds that Stitts exhausted his administrative remedies within the BOP as required. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Collins*, No. 04-50170-04, 2020 WL 19229844, at *2 (W.D. La. Apr. 20, 2020) (exhaustion of remedies is mandatory). Even assuming Stitts exhausted his administrative remedies, the Court concludes that his request should be denied on the merits.

C. Qualifications for Release

Even assuming, *arguendo*, that Defendant had exhausted his administrative remedies as required, the Court concludes that his request should be denied on the merits. An applicant for compassionate release must show the existence of extraordinary and compelling reasons warranting release. In Application Note 1 to Section 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Mr. Stitts is 54 years of age. There is no indication that his family is in need of a

5

caregiver. His motion is silent regarding his medical conditions. According to the Presentence Investigation Report prepared in 2017, Stitts suffers from gout, arthritis, and high blood pressure. *See PSR* (doc. #37), at p. 12. He has not offered any medical records or other evidence supporting a particularized reason qualifying him for compassionate release. His request is based on general concern about the risk of COVID-19, but Stitts fails to explain how any of his individual circumstances or conditions qualify him in particular for compassionate release due to COVID-19.

Moreover, Defendant's concerns about COVID-19 and generalized complaints about the conditions at his current facility, FCI-Forrest City, fail to establish that the BOP cannot manage any outbreak that may occur within her correctional facility or that the facility is specifically unable to treat him if he were to contract the virus and develop COVID-19 symptoms while incarcerated.1 *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020) (finding the defendant had failed to present extraordinary and compelling reasons to modify his prison sentence because he "does not meet any of the criteria set forth by the statute" and he "cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification"); *United States v.*

---

1 In fact, the BOP has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures in response to COVID-19. *See United States v. Collins*, No. 04-50170-04, 2020 WL 1929844, at *3 (W.D. La. April 4, 2020) (citing CARES Act, Pub. L. No. 116-136, and March 26, 2020, Memorandum to the BOP by Attorney General Barr).

*Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("[A]s defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. §1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)"). The Court concludes that Mr. Stitts' letter request fails to establish "extraordinary and compelling" reasons justifying a sentence reduction and compassionate release as required by Section 3582(c)(1)(A)(i).

Furthermore, even if Defendant had presented some arguable basis for compassionate release, there still must be a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Stitts' criminal history weighs against a finding of release. He has numerous controlled substance convictions and other convictions, including battery and driving while intoxicated. *See PSR*, at pp. 5-10. His prior history shows a penchant for the disregard of law and conditions of release. He has served only approximately thirty-four (34) months of a 156-month sentence for the serious crime of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Given this history and Defendant's background of recidivism, the Court finds that he presents a danger to the community to the extent that early compassionate release is not warranted.

This background and criminal history also justify maintaining his current sentence as opposed to early release to home confinement. *See United States v. Hunt*, No. 6:14-CR-0023-01, 2020 WL 1493042, at *2-*3 (W.D. La. Feb. 19, 2020); *report and recommendation adopted*, No. 6:14-CR-00203-01, 2020 WL 1492683 (W.D. La. Mar. 26, 2020). As noted above, Section 3852(c)(1)(A) obligates the Court to consider the sentencing factors, enumerated in 18 U.S.C.

§ 3553(a), including the history and characteristics of the offender. *See id.; see also* 18 U.S.C. § 3553(a)(1). As noted, Mr. Stitts pled guilty to a serious crime charged by the Controlled Substances Act. Defendant's history of similar offenses suggests that an early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence of future criminal conduct, or protect the public from further crimes. *See Hunt*, at *4. Taking the original sentence imposed into context along with his criminal history, the Court concludes that the original sentence should remain intact as imposed by the District Court.

### III. Conclusion and Recommendation

Accordingly, based on the findings and legal conclusions stated above, the undersigned recommends that the District Court **deny** Defendant Chester Ray Stitts, Jr.'s letter motion requesting compassionate release (doc. #45) at this time.

### IV. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by

considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 29th day of September, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE